OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
In this holdover proceeding seeking to remove a tenant who receives a Section 8 subsidy, landlords allege that tenant remained in possession as a month-to-month tenant after the expiration of her initial lease, and that they served a notice terminating her month-to-month tenancy. Tenant argues that, notwithstanding the expiration of the initial term of the lease, landlords were required to state in the notice, and to plead and prove, the existence of a good cause basis to terminate her Section 8 tenancy.
The District Court properly ruled that when tenant remained in possession after the expiration of her lease on August 31, 2005 she did so as a month-to-month tenant (see Real Property Law § 232-c). While we agree with tenant that the terms of the Section 8 tenancy addendum carried over into the month-to-month tenancy, it is clear that the language in paragraph 8 (f) of the addendum, requiring that the owner give the tenant a notice that specifies the grounds for the termination, must be read in conjunction with that of paragraph 8 (b), which provides that good cause must be shown when a tenancy is terminated “[d]uring the term of the lease” (emphasis added). Indeed, following the 1998 amendment (Pub L 105-276, 112 US Stat 2461, 2607) to the *14 federal statute (42 USC § 1437f [d] [1] [B] [ii]), both the statute and the regulation which implements it (24 CFR 982.310 [a]) only require a showing of good cause to terminate when the termination occurs “[djuring the term of the lease.” As the federal regulations mandate that the tenancy addendum be included in the lease (see 24 CFR 982.305 [a] [3]), the addendum must be read to comport with these regulations and with the federal statute. Consequently, we hold that landlords could terminate the month-to-month tenancy merely by service of a notice pursuant to Real Property Law § 232-a and were not required to state in the notice, or allege and establish at trial, good cause for the termination. Accordingly, the final judgment awarding possession to landlords is affirmed.
Rudolph, EJ., McCabe and Tanenbaum, JJ., concur.